

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONATAN MUSSIE,<br><br>                                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center,<br><br>                                    Respondent. | Case No.:  26-cv-2027-RSH-DEB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 31, 2026, petitioner Yonatan Mussie, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondent filed a return. ECF No. 4.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner claims that his immigration detention without a bond hearing, since his arrest on May 18, 2025, has become unduly prolonged in violation of his due process rights. ECF No. 1 at 2, 5, 6. He requests his immediate release, or in the alternative, a bond

hearing. *Id.* at 8. The Petition is verified under penalty of perjury. *Id.* at 9. It does not provide information about Petitioner's citizenship, the circumstances of his entry into the United States or his arrest, or the status of any removal proceedings or claims for relief Petitioner may have made in immigration court.

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773-74 (S.D. Cal. 2020); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773-74. Of these, the length of detention is the most important factor. *Id.* at 774.

Here, the Petition provides little information relative to these factors, but states that the date of Petitioner's arrest was May 18, 2025, almost eleven months ago. However, Respondent furnishes documentation reflecting that Petitioner was in fact arrested more recently, on July 12, 2025. *See* ECF No. 4 at 2 & Exs. 1-3. Thus, at present, Petitioner has been detained for fewer than *nine* months. Respondent also provides documentation that Petitioner's individual merits hearing before an immigration judge is scheduled for April 14, 2026, and that he is represented by counsel in those proceedings; and contends there is no indication of delays in Petitioner's case that are attributable to the government. ECF No. 4 at 8 & Ex. 4.

On the record presented, Petitioner has not carried his burden of establishing that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The most significant factual assertion put forward by Petitioner in support of his claim of prolonged detention—namely, the date of his arrest—appears to be materially inaccurate. The Court declines to rule that Petitioner's actual length of detention here, without more, establishes a due process violation at this stage of Petitioner's

26-cv-2027-RSH-DEB

immigration proceedings.

Accordingly, the Court **DENIES** the Petition without prejudice.[1] The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: April 7, 2026

_____
Hon. Robert S. Huie
United States District Judge

---

[1]   In light of this disposition, the Court declines to address Respondent's remaining arguments.

26-cv-2027-RSH-DEB